SUPERIOR COURT
OF THE
STATE OF DELAWARE

Jeffrey J Clark

  Judge

Kent County Courthouse

38 The Green

Dover, DE 19901

Telephone (302)735-2111

October 4, 2016

Mr. Stephane De Roche
7 Brittingham Drive
Dover, DE 19904

Richard Galperin, Esq.
Joshua H. Meyeroff, Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306

Submitted: September 9, 2016
Decided: October 4, 2016

Re:   *De Roche v. Dr. Harjinder S. Grewal and Bayhealth Kent General Hospital*
      *K16C-05-013 JJC*

Dear Messrs.:

Defendants Dr. Harjinder S. Grewal and Bayhealth Kent General Hospital (hereinafter "Defendants") move to dismiss Plaintiff Stephane DeRoche's (hereinafter "Plaintiff's") medical malpractice claim. Under Delaware law, a medical malpractice claim must generally be filed within two years of the date of the negligent act and supported by an affidavit of merit. In the affidavit of merit, an expert witness must state reasonable grounds to believe health-care medical negligence was committed by each defendant. Plaintiff contends that he need not provide an affidavit of merit because the circumstances of his case met one of the statutory exceptions. Plaintiff also argues that with regard to Defendants, the fact that he filed the case outside the two year statute of limitation should not be grounds for dismissal. After considering the law, the written submissions of the

parties, and the parties' arguments at the hearing, the Court **GRANTS** Defendants' Motion to Dismiss. This Letter Order sets forth the Court's reasoning for this decision.

Since this is a Motion to Dismiss raised pursuant to Superior Court Rule 12 (b)(6), all facts alleged by Plaintiff in his complaint are those set forth herein. Plaintiff went to Bayhealth Kent General Hospital on February 21, 2014 for a cardiac catheterization by Dr. Harjinder Grewal. During the course of this procedure, the probe became entangled in Plaintiff's artery. Upon Dr. Grewal trying to dislodge the probe, Plaintiff began to bleed. After Dr. Grewal completed the procedure and Plaintiff was instructed to wait in the recovery room, Plaintiff's blood pressure dropped suddenly. Because of this drop in blood pressure, the Plaintiff remained in the hospital for another two hours for observation. Once those two hours passed without further incident, the hospital discharged Plaintiff.

The next day, Plaintiff had difficulty sitting and walking. Consequently, Plaintiff returned to the hospital due to pain. The hospital identified only low blood pressure and sent Plaintiff home again. Plaintiff's blood pressure, however, remained low. Due to this and other complications, the hospital re-admitted Plaintiff. During two weeks of subsequent hospitalization, Plaintiff suffered internal bleeding and required a blood transfusion. He also developed blood clots in his legs and lungs. For approximately ten to twelve weeks after his initial discharge from the hospital, Plaintiff was in and out of the hospital due to complications from the original procedure. Based on injuries Plaintiff allegedly sustained as a result of the cardiac catheterization, he filed a medical negligence claim against both Dr. Grewal and Bayhealth (Kent General Hospital).

When deciding a motion to dismiss under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[1]  The test for

---

[1]*Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

sufficiency is a broad one: the complaint will survive the motion to dismiss so long as "a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[2] Stated differently, the Court will not dismiss a complaint unless it clearly lacks factual or legal merit.[3]

The relevant statute of limitations for a medical negligence claim in Delaware is two years.[4] This two year time limit begins to run from the time in which the injury occurred.[5] Here, Plaintiff suffered his injuries on February 21, 2014, the day of the cardiac catheterization. Therefore, Plaintiff had two years from that date to file a claim. Plaintiff sent a Notice of Intent to Investigate to Defendant Grewal on February 3, 2016. According to the controlling Delaware statute, a plaintiff may toll the statute of limitations for up to 90 days upon sending a Notice of Intent to Investigate to each potential defendant.[6]

For purposes of the motion to dismiss, Defendant Grewal did not contest the sufficiency of the Notice of Intent to Investigate as to him. Accordingly, the Court will assume for the purposes of this motion that the notice was sufficient. With regard to Defendant Grewal, the Court finds that Plaintiff successfully tolled the statute of limitations for 90 days from the original limitation date, allowing Plaintiff until May 21, 2016 to timely file a suit. Plaintiff complied with the statute of limitations with regard to Defendant Dr.

---

[2] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[3] *Diamond State Tel. Co. V. Univ. Of Del.*, 269 A.2d 52, 58 (Del. 1970).

[4] 18 *Del. C.* § 6856. The statute permits an extended three year statute of limitations if plaintiff did not know about the injury and was unable to discover it despite reasonable diligence during the two year period. Here, Plaintiff knew of his injuries almost immediately following the cardiac catheterization, and therefore, the three year statute of limitations is inapplicable.

[5] *Id.*

[6] *Id.*

3

Grewal by filing suit on May 12, 2016.

However, Plaintiff failed to provide evidence that he separately notified Bayhealth of his intent to investigate. Consequently, the statute of limitations remained two years from February 21, 2014 as to Defendant Bayhealth. Plaintiff filed his complaint untimely on May 12, 2016. While the Court recognizes the hardships Plaintiff has faced as a result of his injuries and that he is not represented by counsel, Delaware courts consistently hold a party's *pro se* status does not excuse failures to comply with statutory requirements.[7] Here, Plaintiff failed to file within the applicable statute of limitations and his claims against Defendant Bayhealth must be dismissed.

While Plaintiff complied with the relevant statute of limitations with regard to Defendant Grewal, the Court must independently dismiss the complaint with regard to both Defendants on the basis that Plaintiff failed to file an affidavit of merit with the complaint. Under Delaware law, an affidavit of merit must set forth an expert witness's opinion that there are reasonable grounds to believe that each defendant committed health-care medical negligence.[8] Without an accompanying affidavit of merit, the Prothonotary should have refused to accept the filing of the complaint.[9]

Plaintiff acknowledges his failure to file an affidavit of merit. He claims, however, that the circumstances of this case do not generate the affidavit requirement because they fall within a statutory exception to the requirement. Delaware law states that no affidavit of merit is required and instead the Plaintiff is entitled to a rebuttable presumption of negligence where:

---

[7] *E.g.*, *Smith v. Kobasa*, 113 A.3d 1081, *2 (Del. 2015) (Table).

[8] 18 *Del. C.* § 6853(a) (1).

[9] *Id.*

(1)  a foreign object was unintentionally left within the body of the patient following surgery;
(2) an explosion or fire originating in a substance used in treatment occurred during the course of treatment, or
(3) a surgical procedure was performed on the wrong patient or the wrong organ, limb or part of the patient's body.[10]

Here, Plaintiff argues that during the course of his cardiac catheterization, the probe perforated his artery and damaged tissue outside the artery. Accordingly, he argues that this case involved a surgical procedure on the wrong organ, limb, or part of the patient's body. Assuming that this catheterization qualified as a surgical procedure, this was not a procedure that the doctor performed on the wrong organ, limb, or part of the patient's body. The Court is required to give effect to the legislative intent of the statute by "ascertaining the plain meaning of the language used."[11]  Because the legislature did not further define the phrase "wrong organ, limb, or part of the patient's body," the Court must give those terms their commonly accepted meaning.[12] The commonly accepted meaning of this phrase would require a doctor to start and continue to perform a procedure on the wrong body part. This was not the case for Plaintiff's cardiac catheterization.  Here, the catheterization required Dr. Grewal to insert the probe into Plaintiff's groin area allowing it to reach Plaintiff's heart. This is the exact procedure that Dr. Grewal performed. The fact that there was a complication during this catheterization that may have damaged tissue surrounding the body part that was the subject of the procedure does not equate to Dr. Grewal performing the catheterization on the wrong organ, limb, or body part. Consequently, based on the common understanding of that phrase, the statutory exception to the affidavit of

---

[10] *Id.* at § 6853(e).

[11] *E.g.*, *Freeman v. X-Ray Associates, P.A.*, 3 A.3d 224, 227 (Del. 2010).

[12] *Id.*

merit requirement does not apply.

Although neither party cited any case law regarding the wrong organ, body part or limb exception to the affidavit of merit requirement, the Delaware Supreme Court explained the exception in *Freeman v. X-Ray Associates, P.A.*; in that case, the doctor exclusively operated on the wrong organ.[13] In *Freeman*, the doctor was supposed to perform a liver biopsy; however, he did not obtain any tissues from the liver during the course of the procedure.[14] Instead, the doctor obtained kidney tissue as he performed the entire biopsy on the kidney.[15] The Delaware Supreme Court held this to be a procedure on the wrong organ because the entirety of the biopsy was performed on the kidney instead of the liver despite the doctor's intent to perform the procedure on the correct organ.[16]

The case at hand is easily distinguishable from the *Freeman* case. Here, Dr. Grewal performed only the intended procedure, the cardiac catheterization. Consequently, Plaintiff was required to file an affidavit of merit when he filed his complaint for this medical negligence claim. Because he did not satisfy this requirement, the Court must dismiss the claims against both Defendants with prejudice.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

---

[13] *Id.* at 229.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 230.